# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

**JEFFREY L. TEDDER, M.D.,**

    **Plaintiff,**

**v.**　　　　　　　　　　　　　　　　　　　　Case No.  8:08-cv-1674-T-30TGW

**HARBOUR PHASE I OWNERS, LLC,**
**et al.,**

    **Defendants.**
_____/

## ORDER

THIS CAUSE comes before the Court upon Defendants Harbour Phase I Owners ("Harbour"), Patrinely Group, LLC ("Patrinely"), and CF Brokerage, Inc.'s ("CF") Motion to Dismiss Complaint (Dkt. 11) and Plaintiff Jeffrey L. Tedder, M.D.'s ("Tedder") Response in opposition to the same (Dkt. 13).  The Court, having considered the Motion, Opposition, Reply, and other supporting memoranda, and being otherwise fully advised in the premises, determines the Motion should be granted in part and denied in part.

### Background

On August 31, 2005, Harbour and Tedder entered into a Condominium Purchase Contract (the "Contract")  for the purchase and sale of a condominium, unit 808-A West (the "Unit"), in the unbuilt condominium development of The Plaza Harbour Island (the "Plaza"). As part of the Contract, Tedder agreed to pay a purchase price of $774,900 and Harbour promised completion of the Unit within two years (August 31, 2007).  Additionally, Tedder

paid a ten percent earnest money deposit of $77,490 into an escrow account pursuant to the terms of the Contract. On October 2, 2006, Tedder paid an additional ten percent deposit of $77,490 into the escrow account pursuant to the terms of the Contract.

Harbour and Tedder also entered into a Change Order and Amendment to Condominium Purchase Agreement ("Change Order") which called for various upgrades to the Unit. As part of the Change Order, Tedder paid Harbour an additional $36,810.

On or about September 11, 2007, Tedder provided written notice to Harbour purporting to terminate the Contract. Teder demanded a full refund of his deposits and Change Order payments totaling $191,790. Tedder claimed Harbour failed to substantially complete the construction of the Unit within two years as promised by Harbour in the Contract.

Tedder filed this action on August 26, 2008, seeking money damages against Harbour, Patrinely, and CF for violations of the Interstate Land Sales Full Disclosure Act ("ILSFDA"), breach of contract, and for violation of Florida Statute §718.506. Tedder alleges claims against Harbour and Patrinely for unjust enrichment and violation of the Florida Deception and Unfair Trade Practices Act ("FDUTPA"). Tedder further seeks injunctive relief against Alpha-Omega. Defendants Harbour, Patrinely, and CF have moved for dismissal of Counts I-V of the Complaint for failure to state a cause of action. Defendants also argue Tedder's claim for rescission is prohibited as a matter of law and is time barred.

## Standard of Review Under 12(b)(6)

To warrant dismissal of a complaint under Federal Rule of Civil Procedure 12(b)(6), it must be "clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Blackston v. State of Alabama, 30 F.3d 117, 120 (11th Cir. 1994) (quoting Hishon v. King & Spalding, 467 U.S. 69, 73 (1984)). Determining the propriety of granting a motion to dismiss requires courts to accept all the factual allegations in the complaint as true and to evaluate all inferences derived from these facts in the light most favorable to the plaintiff. See Hunnings v. Texaco, Inc., 29 F.3d 1480, 1483 (11th Cir. 1994). To survive a motion to dismiss, a plaintiff's complaint must include "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1974 (2007). The threshold of sufficiency that a complaint must meet to survive a motion to dismiss is exceedingly low. See Ancata v. Prison Health Servs., Inc., 769 F.2d 700, 703 (11th Cir. 1985). However, "a plaintiff's obligation to provide the 'grounds' or his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Twombly, 127 S.Ct. at 1964-65.

## Discussion

### I. ILSFDA Claims (Counts I, II, and III)

Defendants seek dismissal of Counts I, II, and III in which Tedder alleges Defendants violated the Interstate Land Sales Full Disclosure Act ("ILSFDA") by not providing him with a property report. See 15 U.S.C. §1703(a). Defendants claim they qualify for an exemption to ILSFDA based upon their promise to complete construction within two years. See 15

U.S.C. §1702(a)(2). Tedder argues Defendants do not qualify for the exemption because the subject Contract provision is illusory.

ILSFDA is a consumer protection statute that uses "disclosure as its primary tool" to "protect purchasers from unscrupulous sales of undeveloped home sites." <u>Winter v. Hollingsworth Properties, Inc.</u>, 777 F.2d 1444, 1447 (11th Cir. 1985). "As a strict liability statute enacted for the purpose of protecting the public, the ILSFDA should be liberally construed in favor of the public." <u>Jankus v. Edge Investors, L.P.</u>, 2009 WL 961154, *3 (S.D. Fla. 2009).

If a developer does not qualify for an exemption under ILSFDA, it must comply with a number of requirements, including:

> (a) Prohibited activities:
>
> It shall be unlawful for any developer or agent, directly or indirectly, to make use of any means or instruments of transportation or communication in interstate commerce, or of the mails--
>
> (1) with respect to the sale or lease of any lot not exempt under section 1702 of this title--
> . . .
>
> (B) to sell or lease any lot unless a printed property report, meeting the requirements of section 1707 of this title, has been furnished to the purchaser or lessee in advance of the signing of any contract or agreement by such purchaser or lessee.

15 U.S.C. §1703(a)(1)(B). The statute provides several exceptions to these requirements. One of the exceptions is the two year completion rule, which states in pertinent part:

> (a) Sale or lease of lots generally. Unless the method of disposition is adopted for the purpose of evasion of this chapter, the provisions of this chapter shall not apply to--
>
> . . .
>
> (2) the sale or lease of any improved land on which there is a residential, commercial, condominium, or industrial building, or the sale or lease of land under a contract obligating the seller or lessor to erect such a building thereon within a period of two years.

15 U.S.C. §1702(a)(2).

Because ILSFDA is a federal regulation, it "is interpreted under federal law, and the Department of Housing and Urban Development's ("HUD") regulations are entitled to great deference." Rosenstein v. The Edge Investors, L.P., 2009 WL 903806, *6 (S.D.Fla. March 30, 2009). The HUD regulations provide the following guidance for determining whether a contract provision qualifies for the two year completion exception:

> Contract provisions which allow for nonperformance or for delays of construction completion beyond the two-year period are acceptable if such provisions are legally recognized as defenses to contract actions in the jurisdiction where the building is being erected. For example, provisions to allow time extensions for events or occurrences such as acts of God, casualty losses or material shortages are generally permissible. Also permissible, in the case of multi-unit construction, is a clause conditioning the completion of construction or closing of title on a certain percentage of sales of other units.

ILSFDA Guidelines, 61 Fed. Reg. 13596, 13603 (1996). Thus, "a contract 'obligates' the completion of a condominium within two years when that commitment to do so is real and not illusory. . . . [t]o 'obligate' the timely completion does not require that the contract be

unconditional, so long as the condition(s) does not render the apparent obligation illusory." Stein v. Paradigm Mirsol, LLC, 551 F. Supp. 2d 1323, 1328 (M.D.Fla. 2008).

Accordingly, courts must examine and interpret "the condition(s) in question to determine whether the developer's apparent obligation to construct within two years is real or is rendered illusory by the condition(s)." Jankus v. Edge Investors, L.P., 2009 WL 961154, *7 (S.D. Fla., April 8, 2009). Generally, "delay for acts of God has a well established and limited definition that does not render the Agreement illusory." Stein, 551 F. Supp. 2d at 1330.

Additionally, "for purposes of determining compliance with the [ILSFDA], whether construction is ultimately completed within two years is irrelevant; the Court must determine whether the obligation to complete the Unit in two years is an 'unconditional obligation.'" Harvey v. Lake Buena Vista Resort, LLC, 568 F. Supp. 2d 1354, 1362 (M.D.Fla. 2008).

At issue is whether the two year completion provision included in the Contract qualifies for the exemption. The applicable provision reads as follows:

> Seller shall substantially complete construction of the Unit within twenty-four (24) months from the date Buyer executes this Contract; subject only to such delays as may be caused by acts of God or other events that would be a legal defense to Seller's obligation to perform under Florida law (the "Uncontrollable Events").

Dkt. 1, exh 1 at 5. In Tedder's Complaint, he does not object to the "acts of God" language, but argues the language "other events that would be a legal defense to Seller's obligation to perform under Florida law" makes this provision illusory.

In Rosenstein, the plaintiffs entered into a contract for the purchase of unbuilt condominiums. Rosenstein, 2009 WL 903806 at *1. The defendant developer sought to avail himself of the exemption from ILSFDA by including the following provision:

> Seller agrees to substantially complete construction of the Unit, in the manner specified in this Agreement, by a date no later than two (2) years from the date Buyer signs this Agreement, subject, however, only to delays caused by matters which are legally recognized as defenses to contract actions in the jurisdiction where the Building is being erected (the 'Outside Date').

Id. at *6. The court held that "[t]he clause at issue limits Defendant's defenses to those recognized by Florida law. That is the only condition Defendant placed on its obligation to complete construction. The clause contemplates only legally-recognized defenses in Florida and, in this case, does not expand the definition of the defense such that it made Defendant's obligation to finish illusory." Id. *7. But see Stein v. Paradigm Mirsol, LLC, 551 F.Supp.2d 1323 (M.D.Fla. 2008) (holding that a provision "extending the completion period for delays not qualifying under Florida's impossibility of performance principles renders the obligation to complete the condominium within two years illusory").

Like the provision in Rosenstein, the instant provision promising completion within two years is subject to legally recognized defenses in the jurisdiction where the building is being constructed, specifically Florida. Plaintiff's argument that the provision is illusory fails because the conditions placed on completion are sufficiently narrow so as not to render the two year completion promise meaningless.

Upon review and consideration, this Court determines that the two year completion provision in the Contract is not illusory and, therefore, qualifies for the exemption from ILSFDA. Accordingly, Counts I, II, and III of Plaintiff's Complaint will be dismissed.

## II. FDUTPA Claims (Counts VII and IX)

Counts VII and IX of Plaintiff's Complaint allege claims against Harbour and Patrinely for violations of the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA"), specifically Fla. Stat. § 501.203. A violation of FDUPTA may be based upon "any law, statute, rule, regulation, or ordinance which proscribes unfair, deceptive, or unconscionable acts or practices." Fla. Stat. §501.203(3)(c). Plaintiff argues Harbour's and Patrinely's alleged violation of ILSFDA are per se violations of FDUTPA. Because Defendants are exempt from ILSFDA, Plaintiff has no basis for his FDUPTA claims. Accordingly, Counts VII and IX of Plaintiff's Complaint will also be dismissed.

## III. Breach of Contract (Count IV)

In Count IV of the Complaint, Plaintiff alleges Harbour breached the Contract by failing to complete construction within two years. Pursuant to Section 3.04 of the Contract, Harbour agreed to complete construction within twenty-four months, subject to the conditions discussed herein. Plaintiff has alleged Harbour breached the Contract by failing to timely complete construction. Pursuant to Section 6.02(b) of the Contract, Buyer is entitled to "any available remedy at law or equity" with respect to Harbour's failure to timely complete construction.

Defendant argues the remedy sought by Plaintiff in Count IV is return of the deposit, and that therefore Plaintiff's claim for breach of contract is really a claim for rescission. Defendant goes on to argue that Plaintiff's claim for rescission is barred by the applicable statute of limitations. In Count IV of the Complaint, Plaintiff refers to a demand it made on Harbour for return of the deposit when construction was not timely completed. Plaintiff then claims to have suffered "loss of the deposits and the loss of the use of the deposits and other damages" as a result of Harbour's breach. Plaintiff goes on to demand judgment for "all actual, consequential and incidental damages in an amount proven, together with any other relief this Honorable Court deems just and appropriate."

Upon consideration, the Court determines Plaintiff has adequately alleged a claim for breach of the contract. Plaintiff alleges he has suffered damages as a result of Harbour's failure to complete construction within the promised time period. Pursuant to Section 6.02 of the Contract, Plaintiff may pursue any available remedy at law or equity. The Court makes no determination regarding the amount of damages, if any, to which Plaintiff may be entitled. However, should Plaintiff prove a breach occurred, he should also have the opportunity to prove his damages. Accordingly, Defendants' motion is denied to the extent it seeks dismissal of Count IV.

**IV.     Violation of Fla. Stat. § 718.506 (Count V)**

In Count V, Plaintiff alleges a claim against Harbour for violating Fla. Stat. § 718.506. The statute provides, in pertinent part, as follows:

> (1) Any person who, in reasonable reliance upon any material statement or information that is false or misleading and published by or under authority from the developer in advertising and promotional materials . . . pays anything of value toward the purchase of a condominium parcel located in this state shall have a cause of action to rescind the contract or collect damages from the developer for his or her loss prior to the closing of the transaction.

Fla. Stat. § 718.506. Defendants argue that Count V, like Count IV, is a claim for rescission and thus unavailable because Plaintiff has an adequate remedy at law. However, the subject statute expressly permits a cause of action "to rescind the contract or collect damages."

Plaintiff argues that he reasonably relied on Harbour's promise to complete construction within two years. Count V refers to the Contract itself as containing the material misrepresentation, and also references other alleged misrepresentations contained in documents attached as Exhibit 7 to the Complaint. Exhibit 7 contains correspondence from Harbour to Tedder during the time period beginning May 14, 2007, and ending July 24, 2007.

In Gentry v. Harborage Cottages-Stuart, LLLP, 2008 WL 1803637, * 4 (S.D.Fla. 2008), the court recognized that "Section 718.506 governs representations made to buyers prior to entering into a purchase agreement." Furthermore, the requisite analysis under the statute "does not require reference to the agreement itself except to ensure that the alleged misrepresentation does not contradict an express term of the agreement." Id.

Here, Plaintiff has referred only to the Contract itself and correspondence occurring after he paid the subject deposits. The Complaint does not refer to any false or misleading materials published in advertising or promotional materials that induced Plaintiff to pay the

> (1) Any person who, in reasonable reliance upon any material statement or information that is false or misleading and published by or under authority from the developer in advertising and promotional materials . . . pays anything of value toward the purchase of a condominium parcel located in this state shall have a cause of action to rescind the contract or collect damages from the developer for his or her loss prior to the closing of the transaction.

Fla. Stat. § 718.506. Defendants argue that Count V, like Count IV, is a claim for rescission and thus unavailable because Plaintiff has an adequate remedy at law. However, the subject statute expressly permits a cause of action "to rescind the contract or collect damages."

Plaintiff argues that he reasonably relied on Harbour's promise to complete construction within two years. Count V refers to the Contract itself as containing the material misrepresentation, and also references other alleged misrepresentations contained in documents attached as Exhibit 7 to the Complaint. Exhibit 7 contains correspondence from Harbour to Tedder during the time period beginning May 14, 2007, and ending July 24, 2007.

In Gentry v. Harborage Cottages-Stuart, LLLP, 2008 WL 1803637, * 4 (S.D.Fla. 2008), the court recognized that "Section 718.506 governs representations made to buyers prior to entering into a purchase agreement." Furthermore, the requisite analysis under the statute "does not require reference to the agreement itself except to ensure that the alleged misrepresentation does not contradict an express term of the agreement." Id.

Here, Plaintiff has referred only to the Contract itself and correspondence occurring after he paid the subject deposits. The Complaint does not refer to any false or misleading materials published in advertising or promotional materials that induced Plaintiff to pay the

> (1) Any person who, in reasonable reliance upon any material statement or information that is false or misleading and published by or under authority from the developer in advertising and promotional materials . . . pays anything of value toward the purchase of a condominium parcel located in this state shall have a cause of action to rescind the contract or collect damages from the developer for his or her loss prior to the closing of the transaction.

Fla. Stat. § 718.506. Defendants argue that Count V, like Count IV, is a claim for rescission and thus unavailable because Plaintiff has an adequate remedy at law. However, the subject statute expressly permits a cause of action "to rescind the contract or collect damages."

Plaintiff argues that he reasonably relied on Harbour's promise to complete construction within two years. Count V refers to the Contract itself as containing the material misrepresentation, and also references other alleged misrepresentations contained in documents attached as Exhibit 7 to the Complaint. Exhibit 7 contains correspondence from Harbour to Tedder during the time period beginning May 14, 2007, and ending July 24, 2007.

In Gentry v. Harborage Cottages-Stuart, LLLP, 2008 WL 1803637, * 4 (S.D.Fla. 2008), the court recognized that "Section 718.506 governs representations made to buyers prior to entering into a purchase agreement." Furthermore, the requisite analysis under the statute "does not require reference to the agreement itself except to ensure that the alleged misrepresentation does not contradict an express term of the agreement." Id.

Here, Plaintiff has referred only to the Contract itself and correspondence occurring after he paid the subject deposits. The Complaint does not refer to any false or misleading materials published in advertising or promotional materials that induced Plaintiff to pay the

> (1) Any person who, in reasonable reliance upon any material statement or information that is false or misleading and published by or under authority from the developer in advertising and promotional materials . . . pays anything of value toward the purchase of a condominium parcel located in this state shall have a cause of action to rescind the contract or collect damages from the developer for his or her loss prior to the closing of the transaction.

Fla. Stat. § 718.506. Defendants argue that Count V, like Count IV, is a claim for rescission and thus unavailable because Plaintiff has an adequate remedy at law. However, the subject statute expressly permits a cause of action "to rescind the contract or collect damages."

Plaintiff argues that he reasonably relied on Harbour's promise to complete construction within two years. Count V refers to the Contract itself as containing the material misrepresentation, and also references other alleged misrepresentations contained in documents attached as Exhibit 7 to the Complaint. Exhibit 7 contains correspondence from Harbour to Tedder during the time period beginning May 14, 2007, and ending July 24, 2007.

In Gentry v. Harborage Cottages-Stuart, LLLP, 2008 WL 1803637, * 4 (S.D.Fla. 2008), the court recognized that "Section 718.506 governs representations made to buyers prior to entering into a purchase agreement." Furthermore, the requisite analysis under the statute "does not require reference to the agreement itself except to ensure that the alleged misrepresentation does not contradict an express term of the agreement." Id.

Here, Plaintiff has referred only to the Contract itself and correspondence occurring after he paid the subject deposits. The Complaint does not refer to any false or misleading materials published in advertising or promotional materials that induced Plaintiff to pay the

deposits (or anything else of value) toward the purchase of the Unit. Accordingly, the Court determines Count V should be dismissed without prejudice. The Court will provide Plaintiff with leave to amend his Complaint to identify any false or misleading advertising or promotional materials that he reasonably relied on prior to entering into the Contract.

It is therefore ORDERED AND ADJUDGED that:

1. Defendants' Motion to Dismiss (Dkt. 11) is **GRANTED in part and DENIED in part** as set forth herein.

2. Counts I, II, III, VII, and IX of Plaintiff's Complaint are **DISMISSED with prejudice**.[1]

3. Count V is **DISMISSED without prejudice.**

4. Plaintiff shall have twenty (20) days to amend his claim against Defendant Harbour based upon its alleged violation of Fla. Stat. § 718.506.

**DONE** and **ORDERED** in Tampa, Florida on April 17, 2009.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Even\2008\08-cv-1674.mtd.frm

---

[1] The Court notes that Plaintiff's Complaint does not contain a Count VIII (the Complaint skips from Count VII to Count IX).